FILED

AUG 13 2018

JUDGE REBECCA R. PALLMEYER
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WILLIE KELLEY | No. 18 CR 401<br><br>Acting Chief Judge<br>Rebecca R. Pallmeyer |

## GOVERNMENT'S SECOND UNOPPOSED MOTION
## FOR AN EXTENSION OF TIME TO RETURN INDICTMENT

The UNITED STATES OF AMERICA, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. §§ 3161(h)(7)(A) & (B), for a second 30-day extension of time, to and including September 26, 2018, in which to seek the return of an indictment against the defendant for the following reasons:

1.  On June 27, 2018, the government filed a one-count complaint charging defendant WILLIE KELLEY with conspiracy to distribute 100 grams or more of heroin, in violation of Title 21, United States Code, Sections 841(a)(1) and 846. The complaint alleges that KELLEY operated an open-air heroin market on the west side of Chicago where he oversaw the street-level distribution of heroin from approximately January 2018 through June 2018. It is alleged that on or about June 25, 2018, law enforcement seized substances believed to be heroin from an individual believed to be KELLEY's narcotics supplier.[1]

---

[1] This individual was charged along with a co-defendant in case number 18 CR 394.

2.     On June 28, 2018, defendant were arrested and appeared before Magistrate Judge Schenkier for his initial appearance. Following a detention hearing, he was released on bond.

3.     Following the seizure of suspect heroin on or about June 25, 2018, on June 29, 2018, HSI agents submitted the seized suspect narcotics to DEA's North Central Laboratory for analysis. Analysis by the Laboratory would conclusively establish the type and quantity of controlled substances that were seized.

4.     Despite HSI's timely request, the North Central Laboratory has not yet completed its analysis of the seized suspect narcotics. Employees of the Laboratory informed the government that the Laboratory expects to complete its analysis soon, but has not provided a firm date. The government must seek its indictment August 27, 2018.[2]

5.     The government currently estimates that one additional 30-day extension of time from the current expiration date of August 27, 2018, to and including September 26, 2018, will be sufficient time within which to return an indictment in this matter.

6.     Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(7)(B), which provide in relevant part:

---

[2] The Speedy Trial Act, codified at 18 U.S.C. § 3161, *et seq.*, requires the filing of an indictment within 30 days of the date of a defendant's arrest. *See* 18 U.S.C. § 3161(b). Defendant was arrested on June 28, 2018. The government filed an unopposed motion for a 30 day extension on July 26, 2018, which was granted, providing the government until August 27, 2018, to indict the case.

2

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.
>
> Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B)(ii), (iii), and (iv).

7. The government respectfully submits that a second 30-day continuance is warranted in this case pursuant to the foregoing provisions, specifically, that provision which allows for such a continuance where the government needs reasonable additional time to prepare effectively for the return of an indictment, taking into account the exercise of due diligence. Here, the government promptly sought the laboratory analysis needed to determine the precise type and amount of controlled substances seized on June 25, 2018. It appears that such analysis may not be completed by August 27, 2018. And yet such analysis confirming the type and amount of controlled substances seized will ensure that the grand jury is presented with sound evidence against the defendant.

8. The government has not filed this motion for purposes of undue delay, and the government will give due diligence and priority to concluding its investigation and seeking an indictment within the extension sought by this motion.

3

9. Counsel for defendant has indicated that she does not oppose this motion.

WHEREFORE, the government respectfully requests an extension of time from August 27, 2018, through and including September 26, 2018, in which to seek an indictment in this matter.

Dated: August 13, 2018

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: /s/ *Nani M. Gilkerson*
NANI M. GILKERSON
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn Street
Chicago, Illinois 60604
(312) 469-6049